NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JENNIFER MARIE JONES, | No. 15-16279 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01383-JAT |
| v. | |
| TOWN OF QUARTZSITE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Jennifer Marie Jones appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging federal and state law claims. We

have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the

district court's dismissal under Federal Rule of Civil Procedure 41(b). *Al-Torki v.*

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion in dismissing Jones's action for failure to prosecute where Jones had agreed to the trial date and had been warned that her case would be dismissed if she was not prepared to proceed on the date set for trial. *See id.* at 1384-85 (discussing the factors the court should consider in evaluating whether to dismiss a case for failure to prosecute). We reject as unsupported by the record Jones's contention that the district court failed to consider less drastic sanctions.

Because we affirm the district court's dismissal of Jones's action for failure to prosecute, we do not consider her challenges to the district court's interlocutory orders. *See id.* at 1386 ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal quotation marks omitted)).

**AFFIRMED.**